09-0440-ag
Zheng v. Holder

BIA
A098 776 131

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand ten.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

XIANG YOU ZHENG, also known as
ZHENG XIANG YOU,
> *Petitioner,*

> v.                                        09-0440-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Eric Zheng, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; M. Jocelyn Lopez Wright,
                     Senior Litigation Counsel; Anna
                     Nelson, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xiang You Zheng, a native and citizen of the People's Republic of China, seeks review of the January 5, 2009 order of the BIA, which denied his motion to reopen. *In re Xiang You Zheng*, No. A098 776 131 (B.I.A. Jan. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion in denying Zheng's untimely motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2).

Although ineffective assistance of counsel may provide a basis for equitably tolling the filing deadline for motions to reopen, *Cekic v. INS*, 435 F.3d 167, 170-71 (2d Cir. 2006), the alien is required to demonstrate that he exercised "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance

of counsel was or should have been discovered and the period from that point until the motion to reopen is filed," *see Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

The BIA reasonably found that Zheng failed to demonstrate that he acted with due diligence in pursuing his ineffective assistance of counsel claim between March 2007, when he discovered that his appeal was dismissed by the BIA, and July 2008 when he filed his motion to reopen. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Because the BIA did not abuse its discretion in declining to equitably toll the time limitation for filing Zheng's motion, we need not consider the BIA's alternative finding that he failed to demonstrate compliance with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

Finally, we decline to consider Zheng's unexhausted due process arguments, *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007), and lack jurisdiction to consider his challenge to the BIA's refusal to reopen his proceedings *sua sponte*, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

3

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4